# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LAVONDAS CORDELL NELSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00636 |
| ) | JUDGE CRENSHAW |
| OFFICER OSBORNE, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Lavondas Cordell Nelson is proceeding *pro se*. He is an inmate at the Rutherford County Adult Detention Center (R.C.A.D.C.) in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Officer Osborne and Cpl. Roberts, members of the R.C.A.D.C. staff, asking that the defendants be reprimanded and suspended without pay; with compensation for the days of work he missed because of a rescheduled court date. (Doc. No. 1 at 6).

On February 23, 2017, the Plaintiff was due in court to answer a charge of driving under the influence. That morning, he reported to the booking area of the Detention Center for a ride to court. The defendants were assigned the duty of transporting the Plaintiff and other prisoners to court.

The Plaintiff boarded a van. The inmates in the van were being very noisy. This seemed to be getting on the defendants' nerves. Despite all the noise in the van, though, Plaintiff asked Officer Osborne to turn on the radio. Officer Osborne did not answer the Plaintiff. Instead, the van returned to the boarding area where the Plaintiff was asked to get off the van.

The defendants told other officers that the Plaintiff's court date had been rescheduled

because the Plaintiff was being disruptive. There was no disciplinary action, however, taken against the Plaintiff. He believes that the defendants' refusal to transport him to court was unlawful (i.e., a denial of due process) and "personally spiteful". (*Id.* at 5).

This action is being brought against the defendants in their official capacities only. (*Id.* at 2). The Plaintiff seeks damages not from the individually named defendants but from the defendants as agents in their official capacity, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993). In "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the Plaintiff's claims are against Rutherford County, the municipal entity that operates the Rutherford County Adult Detention Center. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). To establish the requisite causal link, the Plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The are no allegations in the Complaint suggesting that the Plaintiff was removed from the van and had his court date rescheduled because of a policy, regulation or custom promulgated and enforced by Rutherford County or its agent, the Rutherford County Sheriff's Department.

Consequently, the Plaintiff has failed to state a claim against Officer Osborne and Cpl. Roberts acting in their official capacities.

In the absence of an actionable claim, the Court must dismiss the Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE